IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUSTIN ARNOLD and ASHLEY ARNOLD,

    Plaintiffs,

vs.                                                                           No. 21-cv-399

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively for Partial Summary Judgment. Doc. 22. To resolve this motion, the Court must answer two questions: (1) did Plaintiff Dustin Arnold settle with the U.S. Postal Service ("USPS") by cashing its claims check? And (2) did Plaintiffs Dustin and Ashley Arnold (together, "Plaintiffs") inadequately notify USPS of their negligent hiring, training, supervision, and entrustment claims? Having carefully reviewed the pleadings and applicable law, the Court finds in the affirmative for both questions. Therefore, the motion is **GRANTED.**

### BACKGROUND

In early May of 2019, Plaintiffs were involved in a car crash with a federal employee driving a USPS vehicle in the course and scope of his employment. Consequently, Mr. Arnold filed an administrative claim, Standard Form-95 ("SF-95"), with USPS the following month on June 12, requesting $12,431.61 in property damages. He claimed as the underlying basis that "mail truck 8203162 ran a stop sign and Tboned my wife and I . . . . Infiniti Q45 sedan has damage to entire right side/TBone, right side impact." By signing the SF-95, Mr. Arnold certified "that the

amount of claim covers only damages and injuries caused by the incident above and agree to accept said amount in full satisfaction and final settlement of the claim."

About two weeks later, USPS mailed Mr. Arnold a check for $5,831.62. Crucially, a letter was attached to that check stating:

> **Acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the United States Postal Service and/or government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter.**

Mr. Arnold could have rejected the offer, like his wife later chose to do. Instead, he cashed the check three days later. Nevertheless, Mr. Arnold thought he could recover more from USPS, and so Plaintiffs hired the law firm of Lerner and Rowe. Around October 30, 2019, Mr. and Mrs. Arnold through their law firm sent USPS "settlement demands" requesting $15,066.43 and $15,241.36, respectively, for personal injury damages. At some unspecified point, Mrs. Arnold received a check from USPS for $15,000 but claims she has yet to cash it. As for Mr. Arnold, USPS subsequently advised him on July 9, 2020, that cashing his check for $5,831.62 operated as an acceptance of USPS' settlement offer, barring any additional claims arising from the accident.

Mr. Arnold refused to take "no" for an answer. As such, Lerner and Rowe sent USPS two additional SF-95s on September 3, 2020—one demanding $100,000 in total damages ($15,066.43 in personal injuries), the other requesting $125,000.00 ($15,066.43 in personal injuries). While Mr. Arnold's name appeared on both, Plaintiffs intended to send the $100,000 demand on Mrs. Arnold's behalf and thus sent a revised document on November 1. Once again, USPS referred Mr. Arnold to the waiver of liability. This caused Plaintiffs to initiate the instant lawsuit on April 29, 2021, under the Federal Tort Claims Act ("FTCA"), asserting the following claims: (1) negligence, (2) negligence per se, (3) *respondeat superior*, (4) negligent hiring, training and supervision, and (5) negligent entrustment. 28 U.S.C. § 2671 *et seq.*

**LEGAL STANDARD**

I.   **Sovereign Immunity**

The United States, as a sovereign, is immune from suit unless it waives sovereign immunity and consents to be sued. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006). "In 1946, Congress enacted the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA, 28 U.S.C. § 2671, *et seq.* provides the exclusive avenue for relief in civil tort actions against the United States. *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). Prior to instituting a claim against the United States under the FTCA, a Plaintiff must have filed a claim with the appropriate federal agency and his claim must be finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *McNeil v. United States*, 508 U.S. 106, 113 (1993). "As with any jurisdictional issue, the party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *Cortez v. EEOC*, 585 F. Supp. 2d 1273, 1283 (D.N.M. 2007). A waiver of sovereign immunity cannot be implied and must be unequivocally expressed in the complaint. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

II.   **Motion to Dismiss**[1]

Under Rule 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction—an issue on which this motion turns. Fed. R. Civ. P. 12(b)(1). Plaintiffs have the burden of presenting evidence sufficient to establish the Court's subject matter jurisdiction by a

---

[1] Defendant asserts its arguments under both Rule 12(b)(1) and Rule 56 of the Federal Rules of Civil Procedure. Under either standard, however, Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See United States ex rel. Hafter D.O. v. Spectrum Emerg. Care, Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999).

preponderance of the evidence. *See United States ex rel. Hafter D.O. v. Spectrum Emerg. Care, Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999).

To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than a "sheer possibility." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). When applying this standard, the Court must "accept as true all well pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

## DISCUSSION

Defendant challenges this lawsuit on two grounds. First, Defendant argues that the Court should dismiss Mr. Arnold's claims because he accepted USPS' settlement check, thereby releasing the Government from liability. Second, Defendant contends that the Court should dismiss Plaintiffs' claims for negligent hiring, training, supervision, and entrustment because they failed to adequately notify USPS of these claims. The Court addresses each argument in turn.

**I.    Mr. Arnold's Claims**

USPS responded to Mr. Arnold's SF-95 damages request by mailing him a check for $5,831.62 "in full and final settlement of his claim." Attached to the $5,831.62 check was a letter stating in pertinent part: "[a]cceptance of this check operates as a complete release and bars

recovery of any additional or future claims against the United States, the [USPS] and/or government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter." Mr. Arnold cashed the check. These facts warrant two dispositive conclusions.

### a. Mr. Arnold "accepted" USPS' settlement offer by cashing the check.

This issue boils down to a simple contracts question: whether Mr. Arnold bound himself to the terms of the settlement offer by cashing the check. In relevant part, the FTCA provides: "The acceptance by the claimant of any such award, compromise, or settlement [of an administrative claim] shall be final and conclusive on claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter." 28 U.S.C. § 2672. Additionally, USPS has promulgated that: "Payment by the Postal Service of the full amount claimed or acceptance by the claimant, his agent, or legal representative, of any award, compromise, or settlement made pursuant to the provisions of the Federal Tort Claims Act, shall be final and conclusive on the claimant . . . and shall constitute a complete release of any claim against the United States and against any employee of the Government whose act or omission gave rise to the claim by reason of the same subject matter." 39 C.F.R. § 912.14.

On this topic, Mr. Arnold argues that the Government "trapped" him with "legal language" through a "technical" government procedure that, in his view, undermines the FTCA's goal of just compensation. Mr. Arnold did not *intend* to settle his personal injury claim by cashing the check; rather, he figured it was compensation for *property* damages only.[2] Even if he misunderstood the

---

[2] Plaintiffs cite Lerner and Rowe's internal notes to evidence their misunderstanding that cashing the check had the operative effect of releasing USPS from liability. These notes, however, are irrelevant because they prove nothing more than Plaintiffs' misunderstanding of the federal tort claims process. Furthermore, they are unauthenticated exhibits that do not fall within the relevant Tenth Circuit exceptions (for example, a reference in the complaint, incorporation by reference in complaint, or subject to judicial notice). *See Great Am. Ins. Co. v. Crabtree*, No. 11-cv-1129, 2012 WL 3656500, at *3, *22–*23 (D.N.M. Aug. 23, 2012); *Danaher v. Wild Oats Mkts., Inc.*, 779 F. Supp. 2d

agreement's terms, however, Mr. Arnold's subjective intent does not change the legal effect of his objective actions. *See Murphree v. United States*, No. 10-4122-WEB, 2011 WL 1980371, at *7 (D. Kan. May 20, 2011) ("[I]t is possible that Murphree misunderstood the legal ramifications of accepting and cashing the check [and it] is also possible that Murphree did not intend to surrender her claim for personal injury . . . [h]owever, neither of these scenarios change the effect of the release."); *Adams v. United States*, 201 F.3d 435 (4th Cir. 1999) (unpublished) (affirming that "Adams cannot prevail against the United States because he objectively manifested an intent to settle all of his claims arising from the accident. At best, he has demonstrated a unilateral mistake on his part that is insufficient to preserve his personal injury claim."); *Wright v. United States*, 427 F. Supp. 726, 729 (D. Del. 1977) (holding that plaintiff's misunderstanding of legal ramifications of accepting settlement award from USPS did not vitiate release).

In sum, the record reveals that Mr. Arnold objectively assented to USPS' settlement offer by cashing the check, thereby binding himself to the terms of such agreement. Most importantly, the agreement "bars recovery of any additional or future claims against the United States, [USPS] and/or government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter." Because the instant claims involve the same allegations, the Court must dismiss Mr. Dustin Arnold as a plaintiff for lack of subject matter jurisdiction.

### b. Mr. Arnold failed to receive an "unfavorable determination" because USPS "granted" his claim.

A claimant must obtain an "unfavorable administrative determination" before suing in federal District Court to comply with the FTCA. *Wiseman v. United States*, 976 F.2d 604, 606 (9th

---

1198, 1205–06 (D. Kan. 2011) (holding that unauthenticated documents cannot be considered for summary judgment purposes). Additionally, Plaintiffs cite two cases for the proposition that they did not "accept" USPS' offer because "filing an administrative claim is not a settlement offer." *Odin v. United States*, 656 F.2d 798, 800 (D.C. Cir. 1981); *Wiseman v. United States*, 976 F.2d 604, 605 (9th Cir. 1992). Those cases are distinguishable because the respective plaintiffs explicitly rejected the government's settlement check, unlike Mr. Arnold.

Cir. 1992). Moreover, a claim that has been granted can provide no basis for bringing suit under § 2675(a). *Odin v. United States*, 656 F.2d 798, 803 (D.C. Cir. 1981); *Bunker v. United States*, 12-cv-1742, 2013 WL 5524688, at *2 (D. Or. Oct. 3, 2013) (citation omitted) ("If a[n FTCA] claim is favorably adjudicated and settled through the administrative process, the claimant cannot bring suit against the United States, and the federal district courts are without jurisdiction to hear any such suit."). Relevantly, Mr. Arnold argues that he and USPS did not reach the final steps of the settlement process when he cashed the check. Instead, he argues that USPS first denied his personal injury claim when it refused to consider his amended SF-95. What this argument fails to acknowledge is that Mr. Arnold had previously *accepted* USPS' settlement offer, thereby prohibiting him from asserting any additional claims. In no way did Mr. Arnold's second, third, and fourth SF-95s amend USPS' final agency action of granting Mr. Arnold the original $5,831.62 award. *See Murphree v. United States*, No. 10-4122-WEB, 2011 WL 1980371, at *7 (D. Kan. May 20, 2011) (dismissing for lack of subject matter jurisdiction because initial administrative claim was settled). Therefore, USPS correctly advised Mr. Arnold that it could not consider these subsequent attempts to circumvent their settlement agreement.

Furthermore, Mr. Arnold's filing of this lawsuit was untimely based on his own theory of the facts. According to Mr. Arnold, USPS' response dated July 9, 2020, denying consideration of his second SF-95 was the *first* denial[3] of his personal injury claim. While Mr. Arnold had six moths following this denial to file a timely action in federal District Court, he failed to meet this requirement by filing on April 29, 2021. *See* 28 U.S.C. § 2401(b).

II.    **Plaintiffs' Negligent Hiring, Training, Supervision, and Entrustment Claims**

---

[3] Under this theory, USPS' refusal to consider Mr. Arnold's *third* and *fourth* SF-95s did not restart the six-month statute of limitations. *See Redlin v. United States*, 921 F.3d 1133, 1139 (9th Cir. 2019) ("Indeed, if claimants could make successive filings regarding the same claim, and each filing required the agency to make a successive denial that restarted the statute of limitations on that claim, the six-month limitations period would effectively be read out of the statute.").

Defendant asserts that Plaintiffs failed to notify USPS of these claims. "The FTCA's jurisdictional statute, 28 U.S.C. § 2675(a), requires a would-be tort plaintiff to file '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Benally v. United States*, 735 F.Appx. 480, 484–85 (10th Cir. 2018) (citing *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016)). Put differently, the FTCA's claim-presentation requirement requires that the written statement provide "due notice that the agency should investigate the possibility of particular (potentially tortious) conduct." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). If a plaintiff's claims are not sufficiently presented to the appropriate federal agency pursuant to § 2675(a) prior to bringing suit against the United States, those claims must be dismissed for lack of subject matter jurisdiction. *Staggs v. United States ex rel. Dept. Health & Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005).

Liberally construing the facts in their favor, Plaintiffs argue these additional claims are "fairly implicit" in the SF-95 car accident allegations. *Benally*, 735 Fed.Appx. at 486. In other words, the car accident description, according to Plaintiffs,[4] sufficiently notified USPS that it should have fully investigated its purported failure to properly hire, train, supervise, and entrust the vehicle to a federal employee.

The Court disagrees. At most, the car accident allegations suggest that a federal employee committed a tort. Notably, Mr. and Mrs. Arnold's SF-95s—dated June 12 and October 16 of 2019, respectively—lack even a cursory mention of potential claims for negligent hiring, training, supervision, and entrustment. Therefore, the Court finds that Plaintiffs inadequately notified the

---

[4] Mr. Arnold's SF-95 states: "mail truck 8203162 ran a stop sign and Tboned my wife and I . . . Infiniti Q45 sedan has damage to entire right side/TBone, right side impact." Similarly, Mrs. Arnold's SF-95 states: "USPS driver was distracted and struck . . . vehicle on passenger side."

Government under § 2675(a)—and thus failed to fully exhaust their administrative remedies before suing in federal court. *See Barnes v. United States*, 707 F.App'x 512, 516 (10th Cir. 2017) (dismissing similar claims "lack[ing] even a cursory mention of [administrative] training or supervision" for failure to notify the federal agency of potential wrongdoing); *Begay v. United States*, 188 F. Supp. 3d 1047, 1095 (D.N.M. 2016) (dismissing failure to train and supervise claim when original administrative claim did not include even a cursory mention of such claims); *Gonzagowski v. United States*, 495 F. Supp. 3d 1048, 1110 (D.N.M. 2020) (dismissing plaintiff's negligent hiring, training, and supervision claims where plaintiff filed a "brief and specific" claim "focuse[d] only on an alleged [tortious act] and nowhere does it point a legally trained reader to investigate the United States' hiring, training and supervision of the [employees].").

## CONCLUSION

For the reasons above, the Court grants Defendant's Motion to Dismiss thereby dismissing Mr. Dustin Arnold as a plaintiff and dismissing counts four and five (negligent hiring, training, and supervision, and negligent entrustment) of the Amended Complaint. While it appears that Mrs. Arnold may proceed with counts one through three (negligence, negligence per se, and *respondeat superior*), the question remains whether she received an unfavorable administrative determination to proceed with these remaining claims. That question, however, is not before the Court, nor is it essential to the resolution of this motion to dismiss.

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 22) is hereby **GRANTED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE