IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

ASHLEY ARNOLD,

      Plaintiff,

    vs.                                        No. 1:21-cv-399-WJ-JFR

UNITED STATES OF AMERICA,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Claims, or Alternatively for Partial Summary Judgment. Doc. 29. In a previous order, the Court dismissed Mr. Dustin Arnold as a plaintiff because he settled his administrative claims by cashing his settlement check. Doc. 27. The Court also dismissed Mrs. Ashley Arnold's claims for negligent hiring, training, supervision, and negligent entrustment for failure to exhaust administrative remedies. *Id*. Defendant now asserts that the Court lacks subject-matter jurisdiction over Plaintiff Ashley Arnold's remaining claims for negligence, negligence per se, and *respondeat superior*. After reviewing the pleadings and applicable law, the Court agrees. Defendant's motion to dismiss is therefore **GRANTED**.

## BACKGROUND

In May 2019, Plaintiff Ashley Arnold was involved in a car crash with a federal employee driving a United States Postal Service ("USPS") vehicle in the course and scope of his employment. Five months later, Plaintiff retained Lerner & Rowe and filed an SF-95 administrative claim form with USPS requesting $15,066.43 in personal injury damages. She

alleged that the "USPS driver was distracted and struck [her] vehicle on the passenger side." Doc. 29-2. Plaintiff further alleged that she suffered cervical, thoracic, and lumbar sprains as well as headaches and myalgia from the crash. By signing the SF-95, Plaintiff certified "that the amount of claim covers only damages and injuries caused by the incident above and [I] agree to accept said amount in full satisfaction and final settlement of the claim." *Id*. Plaintiff attached a settlement demand letter with an accounting of her medical bills and lost wages totaling $15,241.36. *Id*.

On July 9, 2020, the USPS sent a check to Plaintiff for $15,241.36 "in full and final settlement of the claim." Doc. 29-3. The attached letter stated that "acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the [USPS], or any employee whose act or omission gave rise to the claim by reason of the same subject matter." *Id*. Upon receiving the check, Plaintiff called the USPS Torts Claims Adjudicator to ask why the check was sent before settlement negotiations. Doc. 23-5. USPS responded that the check satisfied all damages that Plaintiff demanded on her SF-95. If Plaintiff wanted to amend her claim, she was told to "send Ashley's [check] back because the check was not cashed." Doc. 23-5. Plaintiff did not return the check. Doc. 29-1.

On August 31, 2020, Plaintiff sent an identical copy of her original settlement demand letter to USPS in an alleged attempt to amend her administrative claim. Plaintiff maintains that she attached an amended SF-95 with a claim for $100,000 in total damages. However, USPS contends that no SF-95 form was included. In February 2021, USPS sent response letter stating that it "again received the same October 28, 2019 letter from your office without further explanation" and that USPS would "take no action with respect to it." Doc. 29-5. Plaintiff did not respond and has had no correspondence with USPS since.

## LEGAL STANDARD

### I. Sovereign Immunity

"The United States, as a sovereign, is immune from suit unless it waives sovereign immunity and consents to be sued." *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006). "In 1946, Congress passed the [Federal Torts Claims Act], which waived the sovereign immunity of the United States for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA, 28 U.S.C. § 2671, *et seq.* provides the exclusive avenue for relief in civil tort actions against the United States. *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). Before bringing an FTCA lawsuit, a Plaintiff must file an administrative claim with the appropriate federal agency and his claim must be finally denied in a writing sent by certified or registered mail. 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *McNeil v. United States*, 508 U.S. 106, 113 (1993). "As with any jurisdictional issue, the party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *Cortez v. EEOC*, 585 F. Supp. 2d 1273, 1283 (D.N.M. 2007). A waiver of sovereign immunity cannot be implied and must be unequivocally expressed in the complaint. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

### II. Motion to Dismiss[1]

Under Rule 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiffs have the burden of presenting evidence sufficient to establish the Court's subject matter jurisdiction by a preponderance of the evidence. *See United States ex rel. Hafter D.O. v. Spectrum Emerg. Care, Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999).

---

[1] Defendant asserts its arguments under both Rule 12(b)(1) and Rule 56 of the Federal Rules of Civil Procedure. Under either standard, however, Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See United States ex rel. Hafter D.O. v. Spectrum Emerg. Care, Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999).

To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than a "sheer possibility." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). When applying this standard, the Court must "accept as true all well pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

## DISCUSSION

Defendant argues that the Court lacks subject-matter jurisdiction because Plaintiff accepted USPS' settlement offer by retaining her settlement check. Plaintiff's administrative claim was thus granted, not "finally denied," and sovereign immunity was not waived to allow suit in federal district court. Plaintiff raises two counterarguments: (1) her administrative claim was not granted because she did not cash the settlement check; and (2) she filed an amended SF-95 that USPS rejected, thereby establishing subject-matter jurisdiction in federal court. The Court addresses each argument in turn.

### I.    **Plaintiff accepted USPS' settlement offer by retaining the check**

The first issue is whether contract law provides that Plaintiff accepted USPS' offer to settle her administrative claim by retaining USPS' settlement check, thereby barring the instant lawsuit. The FTCA provides that: "acceptance by the claimant of any such award, compromise,

or settlement [of an administrative claim] shall be final and conclusive on claimant, and shall

constitute a complete release of any claim against the United States and against the employee of

the government whose act or omission gave rise to the claim, by reason of the same subject

matter." 28 U.S.C. § 2672.  Furthermore, the USPS has promulgated that: "Payment by the

Postal Service of the full amount claimed or acceptance by the claimant, his agent, or legal

representative, of any award, compromise, or settlement made pursuant to the provisions of the

Federal Tort Claims Act, shall be final and conclusive on the claimant . . . and shall constitute a

complete release of any claim against the United States and against any employee of the

Government whose act or omission gave rise to the claim by reason of the same subject matter."

39 C.F.R. § 912.14.

       Contract law suggests that retaining a settlement check may constitute acceptance of a

settlement offer. "Mr. Williston, in his treatise on Contracts, Vol. VI, §§ 1854-1856, pp. 5213-

5222, expresses the view that an accord and satisfaction results where the debtor tenders a check

in settlement of an unliquidated or in good faith disputed claim with 'a letter stating that the

check is sent in full satisfaction, and that the creditor if unwilling to accept it as such must return

it'" *Hoeppner Const. Co. v. United States for Use of Trautman & Shreve, Inc.*, 273 F.2d 835, 837

(10th Cir. 1960). Furthermore, "[t]here are adjudicated cases holding that a creditor's retention

for an unreasonable time of a check tendered in full payment of an unliquidated or disputed

claim, without cashing or otherwise using it and without indication of a refusal to accept the

check in a satisfaction of his claim, consummates an accord and satisfaction." *Id.* "As the term is

actually defined and applied in cases and treatises, an accord is an agreement for the settlement

of some previously existing claim by a substituted performance." *United States v. McCall*, No.

CV-95-846M, 2009 WL 10715844 at *6, (D.N.M. Mar. 16, 2009) (citation omitted). In other

words, if a tort claimant retains a tortfeasor's check that fully satisfies the claimant's damages, and the claimant fails to return the check or otherwise object to the settlement offer, she may be found to have accepted the settlement.

The Court finds that Plaintiff accepted USPS' settlement offer by retaining USPS' settlement check for the full amount claimed for more than two years without contest. USPS responded to Plaintiff's initial claim by mailing her a check for $15,241.36, more than the amount she claimed in damages on her SF-95, "in full and final settlement of the claim." Doc. 29-3. Attached to the check was a letter stating that: "[p]ursuant to 28 U.S.C. § 2672 and 39 C.F.R. § 912.14, acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the [USPS] or any employee whose act or omission gave rise to the claim by reason of the same subject matter." *Id*. Moreover, USPS told Plaintiff that she must return the check in order to demand an updated settlement offer. Doc. 23-5.[2] In spite of that instruction, Plaintiff failed to return the check. The only subsequent communication Plaintiff had with USPS was mailing a copy of her original demand letter with an identical damages request. This is therefore not a case "where the creditor seasonably notifies the debtor that the check will not be accepted as full settlement." *Hoeppner Const. Co.*, 273 F.2d at 837 (holding that there was no acceptance when claimant "promptly" advised settlement offeror that it would not accept a check as a full settlement of the claim, then returned the check).

Because Plaintiff accepted settlement of her claim from the USPS, the instant claim is barred by 28 U.S.C. § 2672 ("acceptance by the claimant of any . . . settlement . . . shall

---

[2] Evidence of Plaintiff's conversation with USPS regarding return of the settlement check is contained in Lerner & Rowe's internal notes. Although the Court previously excluded them as evidence supporting Plaintiff's prior mistake of law defense, here the notes are offered to prove Plaintiff's knowledge that she could return the check. *See* Doc. 27 at 5 n.2. Neither party disputes the authenticity of the evidence for this purpose.

constitute a complete release of any claim against the United States . . . by reason of the same subject matter").

II.     **Mrs. Arnold failed to receive an "unfavorable determination" because USPS granted her claim.**

A claimant must obtain an "unfavorable administrative determination" before suing in federal District Court to comply with the FTCA. *Wiseman v. United States*, 976 F.2d 604, 606 (9th Cir. 1992). Moreover, a claim that has been granted can provide no basis for bringing suit under § 2675(a). *Odin v. United States*, 656 F.2d 798, 803 (D.C. Cir. 1981); *Bunker v. United States*, No. 12-cv-1742, 2013 WL 5524688, at *2 (D. Or. Oct. 3, 2013) (citation omitted) ("If a[n FTCA] claim is favorably adjudicated and settled through the administrative process, the claimant cannot bring suit against the United States, and the federal district courts are without jurisdiction to hear any such suit."). Plaintiff argues that USPS issued a final denial of her amended claim on February 9, 2021, when it responded that it would not take action with respect to Plaintiff's duplicative demand letter. However, even if Plaintiff had attached an amended SF-95 damages request, Plaintiff had already accepted USPS' original settlement offer by retaining the check. She was therefore prohibited from asserting any additional claims. *See Murphree v. United States*, No. 10-4122-WEB, 2011 WL 1980371, at *7 (D. Kan. May 20, 2011) (dismissing for lack of subject matter jurisdiction because initial administrative claim was settled); *see also Arnold v. United States*, No. 21-cv-399, 2022 WL 1045651, at *4 (D.N.M. April 7, 2022) (dismissing for lack of subject-matter jurisdiction because plaintiff had already accepted USPS's settlement check).

Moreover, it is not clear that Plaintiff ever filed an amended claim with USPS that could be "finally denied." Plaintiff asserts that in August 2020, she sent a copy of her original demand letter along with an amended SF-95 containing a request for $100,000 in damages. However,

USPS maintains that no SF-95 form was attached. USPS' position is consistent with its February 9, 2021 response, which states: the [USPS] again received the same October 28, 2019 letter from your office *without further explanation*." Doc. 29-5 (*emphasis* added). Plaintiff's purported amended SF-95 is identical to her original SF-95 with the exception that it claims $100,000 in total damages. Doc. 33-7. Conspicuously, both SF-95 forms contain identical claimant signatures dated October, 16, 2019, even though Plaintiff alleges she submitted the amended form nine months later. Accordingly, the Court is unconvinced that Plaintiff has shown by a preponderance of the evidence that she submitted an amended SF-95 claim to USPS. *See United States ex rel. Hafter D.O.*, 190 F.3d at 1160 n.5 (plaintiff must present evidence sufficient to establish subject-matter jurisdiction by a preponderance of the evidence). Plaintiff therefore fails to establish that she received an unfavorable determination and, as a result, the Court lacks subject matter jurisdiction over the remaining claims in the Amended Complaint.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 29) is **GRANTED** and the Court hereby **DISMISSES** counts one through three of the Amended Complaint.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE